**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
Southern Division

|  |  |
|---|---|
| GODFREY C. DOUGLAS, ET AL. | * |
| Debtors-Appellants, | * |
| v. | *     Case No.: GJH-20-3184 |
| DRY CLEAN CONCEPTS, INC., ET AL., | * |
| Appellee. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

In this action, Godfrey C. Douglas and Sandra Kim Douglas ("Debtors-Appellants") seek direct appeal from the Bankruptcy Court to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") pursuant to 28 U.S.C. § 158(d)(2)(A). Now pending before the Court is a Motion for Direct Certification filed by Debtors-Appellants. Adv. Proc. 18-405, ECF No. 100.[1] No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, the Motion is denied.[2]

**I. BACKGROUND[3]**

In late 2014, Appellants were interested in opening their own business and found information for Aaron Kawer and Dry Clean Concepts, Inc. ("DCC"), after searching on the

---

[1] This Motion for Direct Certification was first filed in Appellants' Adversary Proceeding in the Bankruptcy Court. *See* Adv. Proc. 18-405, ECF No. 100. Unless otherwise noted, the Court cites to the docket in the Adversary Proceeding. Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

[2] Also pending is a Motion to Withdraw as Attorney, Proc. 20-3184, ECF No. 4, which is granted.

[3] Unless stated otherwise, the facts here are taken from the Amended Complaint, ECF No. 18, and taken as true.

internet. Adv. Proc. 18-405, ECF No. 18 ¶ 12. Kawer and DCC represented that they could help

Appellants open their own dry-cleaning business and provided models, guides, and advice in

exchange for consulting fees. *Id.* Appellants formed GSJT, Inc., as a Maryland corporation, and

did business as "Quick n' Clean." *Id.* ¶ 13. In 2015, GSJT obtained a loan as borrower from

Bancorp Bank, and Appellants were the guarantors. *Id.* ¶ 23. However, GSJT did not meet

financial projections and sustained heavy losses. *Id.* ¶¶ 26, 27. The loan from Bancorp went into

default in March of 2017. ECF 25-1 at 4.

On November 22, 2017, Appellants filed a voluntary Chapter 13 petition. *See In re

Douglas*, Proc. 17-25757. GSJT was dissolved on September 21, 2018. Adv. Proc. 18-405, ECF

No. 25-2 at 2. On November 19, 2018, the bankruptcy case was converted to a proceeding under

Chapter 11, Proc. 17-25757, ECF No. 68, and was then converted to a proceeding under Chapter

7 on April 27, 2021, ECF No. 233.

While those proceedings continued, Appellants filed a Complaint for relief in an

Adversary Proceeding on October 26, 2018. *See In re Douglas*, 623 B.R. 715 (Bankr. D. Md.

2020); Adv. Proc. 18-405. Appellants filed an Amended Complaint in the Adversary Proceeding

on January 14, 2019. ECF No. 18. The Amended Complaint brought eight different claims

against Aaron Kawer, Dry Clean Concepts, Inc., and Bancorp Bank.

As relevant here, four of Appellants' claims in the Adversary Proceeding were asserted

against Appellees/Defendants Kawer and DCC. Appellants made claims for unconscionability of

contract (Count I); misrepresentation and fraud (Count IV); avoidance of fraudulent transfers

under 11 U.S.C. §§ 548, 550, and 551 (Count V); avoidance of fraudulent transfers under 11

U.S.C. §§ 544(a), (b), 550, and 551 (Count VI); and turnover (Count VIII). In regards to their

fraud claim (Count IV), Appellants argued that Kawer and DCC had made material

misrepresentations of fact to induce them to pay consulting fees. ECF No. 18 ¶ 48. Appellants

allege that they relied on "objectively and subjectively impracticable" financial projections in a

pro forma[4] and "worthless" advice provided by Kawer and DCC, which led to the failure of their

business. *Id.* ¶ 50.

Defendants Kawer and DCC filed a Motion to Dismiss Counts I, IV, V, and VIII pursuant

to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012 on

April 12, 2019. ECF No. 43. In the opposition to the Motion to the Dismiss, Appellants

requested leave to amend their fraud claims in Count IV. ECF No. 57.

After a lengthy hearing, on September 28, 2020, the Bankruptcy Court dismissed Counts

I, IV, and V against Defendants Kawer and DCC with prejudice. ECF No. 83 at 2. Count VIII

was dismissed without prejudice, and the court denied Appellants' request for leave to amend to

supplement Count IV.[5] The Bankruptcy Court then noted that it "will issue a scheduling order for

resolution of Count VI against Defendants Dry Clean Concepts Inc. and Aaron Kawer." *Id.*

On November 1, 2020, Appellants filed a Notice of Appeal to the Fourth Circuit of the

dismissal of Count IV. ECF No. 89. Appellants contended that they could directly appeal Count

IV pursuant to 28 U.S.C. § 158(d)(2) and Federal Rules of Bankruptcy Procedure 8002 and

8006. ECF No. 89.[6] After receiving an extension, Appellants filed the Motion for Certification

on December 7, 2020, ECF No. 100, and then filed a memorandum of law in support of the

Motion on December 11, 2020, ECF No. 102.

---

[4] The pro forma was prepared by Kawer and DCC as a business plan and financial forecast for Appellants. ECF No. 18 ¶ 26. It included a projection of operating expenses and revenues over the first year of business. *Id.* ¶ 50; *see also* Exhibit 10.

[5] The Bankruptcy Court also dismissed all claims against Bancorp Bank. ECF No. 83 at 2.

[6] The appeal was initially transmitted in error to this Court on November 2, 2020. *See* Proc. 20-3184, ECF No. 1. This Court did not take any action at that time.

Because more than 30 days have passed since the first notice of appeal, the certification matter is now pending in this Court. "For the purposes of this rule, a matter remains pending in the bankruptcy court for 30 days after the effective date under Rule 8002 of the first notice of appeal from the judgment, order, or decree for which direct review is sought" before it is then "pending in the district court" thereafter. Fed. R. Bankr. P. 8006(b). This Court must now decide whether Appellants can meet any of the conditions for direct certification set forth by 28 U.S.C. § 158(d)(2)(A). "Only the court where the matter is pending . . . may certify a direct review on request of parties or on its own motion." Fed. R. Bankr. P. 8006(d).

## II.    STANDARD OF REVIEW

Motions for direct appeal from a bankruptcy court to the court of appeals are governed by 28 U.S.C. § 158(d)(2)(A). Section 158(d)(2)(A) provides that the appropriate court of appeals has jurisdiction to hear the direct appeal if either the district court or the bankruptcy court, acting on its own motion or on request of a party, certifies that:

> (i)     the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
>
> (ii)    the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions;   or
>
> (iii)   an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;
>
> and if the court of appeals authorizes the direct appeal of the judgment, order, or decree.

28 U.S.C. § 158(d)(2)(A)(i)-(iii); *see also Bullard v. Blue Hills Bank*, 575 U.S. 496, 508 (2015). If the bankruptcy court or the district court determines that any of the above circumstances exists, then it "shall make the certification[.]" § 185(d)(2)(B). The court of appeals then has the

4

discretion to "authorize[] the direct appeal of the judgment, order, or decree." *Id.*; *see also Moses v. CashCall, Inc.*, 781 F.3d 63, 78 (4th Cir. 2015) (describing court of appeals' jurisdiction over "appeals from interlocutory or final orders of the bankruptcy court in which the bankruptcy court, the district court, or the parties acting jointly, certify an appeal and the court of appeals authorizes a direct appeal, pursuant to § 158(d)(2)[.]"); *In re Qimonda AG*, 470 B.R. 374, 383 (E.D. Va. 2012) ("In application, certification pursuant to § 158(d)(2) is a two-step process. First, the bankruptcy court, district court, or bankruptcy appellate panel must certify a judgment, order or decree for direct appeal if a statutory trigger is met. Second, the court of appeals decides whether to authorize a direct appeal.").

"[I]nterlocutory review is not to be granted lightly." *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, 1989 WL 42583, at *2 (4th Cir. Apr. 26, 1989) (unpublished opinion); *see also In re Pawlak*, No. 14-cv-2839-DKC, 2015 WL 1523017, at *2 (D. Md. Apr. 1, 2015). "The immediate appeal of a certified question is an extraordinary remedy[.]" *Id.* "The purpose of direct certification in these proceedings is '(i) to provide a quicker and less costly means of resolving significant issues that are inevitably bound for the court of appeals, and (ii) to facilitate the development of more binding precedents in bankruptcy law.'" *Zewdie v. PNC Bank, N.A.*, No. 15-cv-2167-PJM, 2015 WL 6007410, at *1 (D. Md. Oct. 9, 2015) (quoting *In re Qimonda AG*, 470 B.R. at 382–83).

## III.   DISCUSSION

### A.  Motion for Certification

Appellants contend that this case merits direct appeal to the Fourth Circuit because the Fourth Circuit has not answered whether an "objectively and subjectively impracticable" pro

forma can constitute actionable fraud or misrepresentation. ECF No. 102 at 16. Appellants claim

that they can meet all three prongs of Section 158(d)(2)(A).

### 1.   Controlling decision or matter of public importance

The first condition allowing direct review is when the case presents a "question of law as

to which there is no controlling decision of the court of appeals for the circuit or of the Supreme

Court of the United States, or involves a matter of public importance[.]" 28 U.S.C. §

158(d)(2)(A)(i). Appellants contend that there is no Fourth Circuit or United States Supreme

Court decision that controls the question of whether an objectively impossible pro forma, which

also includes a generic disclaimer at the bottom, is permissible "puffery" or whether it is a

"fraudulent misrepresentation." ECF No. 102 at 17. They concede that the Fourth Circuit has

recognized the principle that a claim of fraud requires affirmative misrepresentation but argue

that the current case law "does not address specific misrepresentations of fact outlined in a

precise pro forma[.]" *Id.* at 18 (citing *Lissmann v. Hartford Fire Ins. Co.*, 848 F.2d 50, 53 (4th

Cir. 1988)).

But the Fourth Circuit has articulated principles governing future statements and fraud

claims in at least two cases. In *Learning Works*, the Fourth Circuit stated principles for when a

"promissory representation" or "future promise" is actionable for fraud. *Learning Works, Inc. v.

The Learning Annex, Inc.*, 830 F.2d 541, 546 (4th Cir. 1987). There, the Fourth Circuit collected

several Maryland state court cases and noted that, in Maryland, misrepresentation as to a future

event can be actionable in fraud if there is "existing intention not to perform[.]" *Id.* (quoting *Sims

v. Ryland Group, Inc.*, 37 Md. App. 470, 378 A.2d 1, 2 (1977)). The *Learning Works* court also

went on to note that "reasonable reliance" on a defendant's promissory statements is also

essential to a fraud claim. *Id.* In addition, as relied on by the Bankruptcy Court here, the *Lissman*

case also provides guidance from the Fourth Circuit in this area. *See Lissmann*, 848 F.2d at 53 (distinguishing between "a statement that is false when made and a promise that becomes false only when the promisor later fails to keep his word.").

The fraud claim here fits within the Fourth Circuit's guidance on when statements about the future are actionable as fraud, and the Bankruptcy Court used this guidance to determine that Defendants' statements in the pro forma are not actionable. In resolving the Motion to Dismiss as to Count IV, the Bankruptcy Court noted first that, in Maryland, a plaintiff must allege that Defendants asserted a false representation of material fact, that Defendants knew the representation was false or made the presentation with reckless disregard for its falsity, that the purpose was to defraud the plaintiff, that the plaintiffs justifiably relied on the misrepresentation, and that the plaintiff suffered damages as a direct result. *In re Douglas*, 623 B.R. at 727 (citing *Hoffman v. Stamper*, 385 Md. 1, 867 A.2d 276, 292–94 (2005)). The Bankruptcy Court then noted that the Fourth Circuit has said that "'[i]t is true, as a general rule, that an action for fraud will lie only for misrepresentation of past or existing facts, and that breach of a promise to render a performance in the future is redressable only by an action in contract." 623 B.R. at 727 (quoting *Kiddie Acad. Domestic Franchising, LLC v. Wonder World Learning, LLC*, No. 17-cv-3420-ELH, 2019 WL 1441812, at *17 (D. Md. Mar. 31, 2019) (internal quotations and citations omitted)). The Bankruptcy Court also highlighted that "repeated false assurances and predictions" can be "puffing and related expressions of opinion that are common in sales" but "are not actionable as fraud." 623 B.R. at 729 (citing *Kiddie Acad. Domestic Franchising*, 2019 WL 1441812, at *19). Making a close comparison with *Kiddie Academy*, as both cases focused

on predictions of business success, the Bankruptcy Court found that the allegedly fraudulent statements "amount to predictions and opinion that are not actionable material facts." *Id.*

The Bankruptcy Court also analyzed the pro forma in particular and found that "there is no question that the business did not meet the pro forma projections, but there are no facts alleged that support a plausible claim that the pro forma was a document deliberately made with intent to deceive or for the purpose of defrauding Plaintiffs." 623 B.R. at 730. Noting, inter alia, that "'[a] promise to perform an act in the future is not, in a legal sense, a representation as that term is used in the fraud context[,]'" *id.* (quoting *Lissman*, 848 F.2d at 53), the court found that Count IV did not pass the heightened standards of either Federal Rule of Civil Procedure 12(b)(6) or 9(b).[7]

Here, the Bankruptcy Court had clear controlling law to use in its analysis, and the court applied it to Appellants' claim.[8] As another court recognized, a "ruling is not ambiguous merely because the [appeals court] in that case did not address the present facts." *In re Conex Holdings, LLC*, 534 B.R. 606, 611 (D. Del. 2015); *see also In re Millennium Lab Holdings II, LLC*, 543

---

[7] As the Bankruptcy Court explained, heightened pleading standards govern fraud claims. *See* Fed. R. Civ. P. 9(b); Fed. R. Bankr. P. 7009. "[The Fourth Circuit] has found that to satisfy Rule 9(b)'s pleading requirements, the complaint must identify with particularity 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *In re Douglas*, 623 B.R. 715, 725 (Bankr. D. Md. 2020) (quoting *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999)).

[8] The Fourth Circuit's analysis in *Learning Works* was applied by the district court in *Kiddie Academy*, which was in turn relied upon by the Bankruptcy Court here through its close comparison with *Kiddie Academy*. In addition, *Kiddie Academy* cites numerous Maryland opinions for the same propositions regarding future statements and opinions or "puffery," which were also used by the Bankruptcy Court in its analysis of Appellants' claim. *See Kiddie Acad. Domestic Franchising, LLC v. Wonder World Learning, LLC*, No. 17-cv-3420-ELH, 2019 WL 1441812, at *17 (D. Md. Mar. 31, 2019) ("Maryland cases distinguish between statements that are a prediction or an expression of expectation concerning external events and those that are relate[d] to matters within the speaker's control.") (internal quotations omitted).

B.R. 703, 712 (Bankr. D. Del. 2016) (determining that "controlling law may be supplied by combining holdings from multiple cases").

This question is doubly inapposite for direct certification under Section 158(d)(2)(A)(i) because it is not a pure question of law. The Fourth Circuit would need to carefully look at the representations made by Defendants in the pro forma, along with the statement made as a disclaimer. The question is highly fact-dependent depending on the representations made in and circumstances surrounding the pro forma and thus is not appropriate for direct review. Many other courts have come to similar determinations that factually intensive questions are not appropriate for certification. *See, e.g., In re Qimonda AG*, 470 B.R. at 385 ("[I]t is helpful to compare and contrast 28 U.S.C. § 1292(b), which provides somewhat similar, although not identical, criteria for certification of interlocutory appeals. In applying § 1292(b), courts have often asserted that mixed questions of law and fact or decisions committed to a lower court's discretion are ordinarily not appropriate 'questions of law' for certification.") (internal quotations and citations omitted); *Breene v. U.S. Depart. of Educ.*, 2013 WL 12183642, at *4 (E.D. Va. 2013) (direct certification under Section 158(d)(2) was not appropriate when the question was "highly fact specific"); *In re Millennium Lab Holdings II, LLC*, 543 B.R. at 709 (direct certification was not appropriate because, inter alia, the question required "application of facts to well-settled law" and was not a "pure matter of law"); *In re Gravel*, 2019 WL 3783317, at *4 (Bankr. D. Vt. Aug. 12, 2019) ("Direct appeal is 'most appropriate' where the court of appeals is 'called upon to resolve a question of law not heavily dependent on the particular facts of a case[.]'") (quoting *Weber v. United States Tr.*, 484 F.3d 154, 158 (2d Cir. 2007)).

Appellants next contend that they can meet Section 158(d)(2)(A)(i)'s standard because clarifying this question is a matter of "great public importance," though they do not specific how.

*See* ECF No. 102 at 18. While the statute does not define a "matter of public importance," other courts have held that "this ground for direct certification of appeal 'should be invoked only in narrow circumstances.'" *Zewdie*, 2016 WL 6007410, at *2 (quoting *Qimonda AG*, 470 B.R. at 387). "Matters of public importance would include decisions affecting a large number of jobs or vital community interests[.]" *Id.*; *see also Quimonda AG*, 470 B.R. at 387 ("There is no Congressional guidance and only scant case law that addresses precisely what qualifies as a matter of public importance under § 158(d)(2), but there is no question it should be invoked only in narrow circumstances.").

 As another court noted, this section was "intended to expedite appeals that involve issues of public import that 'transcend the litigants and involve a legal question the resolution of which will advance the cause of jurisprudence to a degree that is usually not the case.'" *In re Johns-Manville Corp.*, 449 B.R. 31, 34 (S.D.N.Y. 2011) (quoting 1 Collier on Bankruptcy ¶ 5.06(5)(b)); *see also Blausey v. U.S. Tr.*, 552 F.3d 1124, 1131 (9th Cir. 2009) (an issue was a matter of public importance when it is "part of every petition for Chapter 7 bankruptcy[.]").

Here, the matter at issue is not one of public importance. The question presented is particular to the facts of the case. Therefore, Appellants may not proceed under this condition either.

### 2.   Resolution of conflicting decisions

The second condition allowing direct review is when "the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions[.]" 28 U.S.C. § 158(d)(2)(A)(ii). Appellants essentially have two arguments here: first, that their claim can be distinguished from the claim in *Kiddie Academy*, and second, that other federal circuits have held that forward-looking projections can constitute fraud. ECF No. 102 at 19, 20 ("[T]here are

significant conflicting decisions (none of which have been issued by the Fourth Circuit) on the seminal question of fraud within a pro forma[.]").

First, Appellants have not presented conflicting opinions within the Fourth Circuit. Instead, they point to a later opinion in *Kiddie Academy*, in which the court further discussed the factual scenario surrounding the allegedly fraudulent pro formas. *See Kiddie Acad. Domestic Franchising, LLC v. Wonder World Learning, LLC*, No. 17-cv-3420-ELH, 2020 WL 4338891, at *23 (D. Md. July 27, 2020) ("Even assuming the pro formas constitute false statements, there is no genuine dispute of material fact that, to the extent that the [complaining parties] believed the pro formas were grounded in facts, such a belief was not justified. . . [The parties' conduct] should have [given] notice that the pro formas were malleable and trended optimistic[.]"). Appellants argue that, unlike the complaining party in *Kiddie Academy*, they were justified in relying on the pro forma because they are unsophisticated in business matters. ECF No. 102 at 19. That may be true, but Appellants are making a factual distinction between their case and *Kiddie Academy*—not showing conflicting decisions that must be addressed by the Fourth Circuit.

Second, Appellants point to cases in other circuits where the court found that a statement of projection could be actionable as fraud. ECF No. 102 at 21. As another court has recognized, even assuming that there is a circuit split in the law, cases from outside the circuit "do not detract from [the] binding authority within this Circuit, and thus do not justify direct certification[.]" *In re Conex Holdings, LLC*, 534 B.R. at 611. In any event, like other circuits, the Fourth Circuit "is

11

not empowered to resolve . . . conflicting decisions between circuits." *In re Goody's Fam. Clothing, Inc.*, 2009 WL 2355705, at *2 (D. Del. July 30, 2009) (internal quotations omitted).

Appellants have not pointed to conflicting law within the courts of this circuit, so they cannot proceed on this ground. *See e.g.*, *Lynch v. Jackson*, 853 F.3d 116, 120 (4th Cir. 2017) (Section 158(d)(2)(A)(ii) was satisfied when "there is a split between bankruptcy courts within the Eastern District of North Carolina over the proper interpretation of" a statute).[9]

### 3. Material advancement of the case

Finally, the third condition allowing direct review is when direct appeal will "materially advance" the current case. 28 U.S.C. § 158(d)(2)(A)(iii). Appellants contend that an appeal through the district court to the Fourth Circuit will be time-intensive and that direct appeal is needed to determine this "seminal issue" to their fraud and misrepresentation claim. ECF No. 102 at 23.

Here, Appellants appeal just one claim out of eight originally raised in the Adversary Proceeding. "This is not the case of an interlocutory appeal where a prompt ruling by the Court of Appeals will advance the ongoing litigation in the Bankruptcy Court. Rather, the only argument for expedition is that the appeal will be quicker because it need only be heard by one court—the Court of Appeals. That argument can be made in every case where there is an appeal involving a final judgment of the Bankruptcy Court." *In re Johns-Manville Corp.*, 449 B.R. at 34. "[A]lthough Congress emphasized the importance of our expeditious resolution of

---

[9] It is true that the statute does not specify that these conflicting decisions must come from within the same circuit. But many courts have taken the interpretation that they must. "[T]his reading of the 'conflicting decisions' criterion makes intuitive sense, as '[i]t is unlikely that conflicting decisions among circuits would qualify because the decision of the circuit court in a case in a circuit that had not spoken to the issue could not resolve the conflict [and] . . . certification in this event would undoubtedly be sought under the 'no controlling case in the circuit' ground.'" *In re Gravel*, 2019 WL 3783317, at *7 (Bankr. D. Vt. Aug. 12, 2019) (quoting Collier on Bankruptcy ¶ 5.06(4)(c) (16th ed. 2019)); *see also In re GMC*, 409 B.R. 24, 29 (Bankr. S.D.N.Y. 2009) ("[D]ecisions from *outside* the Circuit are not a basis for § 158(d)(2) review.") (emphasis in original).

bankruptcy cases, it did not wish us to privilege speed over other goals[.]" *Weber v. United States*, 484 F.3d 154, 160 (2d Cir. 2007). "Congress was aware of the dangers of leapfrogging the district court in the appeals process … [and probably recognized] the salutary effects of allowing some cases to percolate through the normal channels." *Id.*

This Court does not find that the case will materially advance by allowing Appellants to directly appeal just one claim of eight. In addition, Appellants' Count VI against Defendants was not dismissed by the Bankruptcy Court and must still be resolved. *See* ECF No. 83. Once Appellants have a final order, they may instead first pursue an appeal to the district court, and then, if desired, to the Fourth Circuit. *See* 28 U.S.C. § 158(a), (d)(1).[10]

## IV.    CONCLUSION

For the reasons discussed, the Motion for Certification is **DENIED**. This matter is now remanded back to the Bankruptcy Court for resolution of Appellants' Count VI. A separate Order follows.

Dated:  October       25, 2021                            /s/
                                                              GEORGE J. HAZEL
                                                              United States District Judge

---

[10] 28 U.S.C. § 158(a) gives a district court jurisdiction over "final judgments, orders, and decrees" of bankruptcy judges and "with leave of the court, from other interlocutory orders and decrees[.]" "[O]rders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case*." In re Computer Learning Centers, Inc.*, 407 F.3d 656, 660 (4th Cir. 2005) (internal quotations and citations omitted). Interlocutory orders may also be appealed, *see* 28 U.S.C. § 158(a)(3), but "the decision whether to grant leave to appeal from a bankruptcy court's interlocutory order is committed to the district court's discretion." *In re Wallace & Gale Co.*, 72 F.3d 21, 25 (4th Cir. 1995).